FILED
2019 JUL 19 PM 1:50
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAVAREZ WALKER,
RECHARD FURLOW-PATERSON,
DESHAWN BAKER and
RONQUANTY OWENS,
    Plaintiffs,
vs.

Case No.: 3:19-cv-850-J-34PDB

ROBINS & MORTON, LLC,
    a foreign limited liability company,
    Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF SOUGHT

**(Employment Discrimination in Violation of
Title VII of the Civil Rights Act of 1964)**

The Plaintiffs, TAVAREZ WALKER, RECHARD FURLOW-PATERSON, DESHAWN BAKER and RONQUANTY OWENS, sue the Defendant, ROBINS & MORTON, LLC, and allege:

1. This is an action for damages and injunctive relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq.

2. The Defendant, ROBINS & MORTON, LLC, (hereinafter referred to as ROBINS & MORTON), is a foreign limited liability company that is authorized to transact business within the state of Florida. At all times material hereto, ROBINS & MORTON engaged in an industry affecting commerce and it had 15 or more employees for each working day in each of the 20 or more calendar weeks in the current or preceding calendar year. Accordingly, ROBINS & MORTON is an employer as defined by the Civil Rights Act of 1964.

1

3. The Plaintiff, TAVAREZ WALKER (hereinafter referred to as "WALKER"), is an African American (black) male and a resident of Duval County, Florida. He was hired by ROBINS & MORTON on July 11, 2017, to work as a laborer at the various buildings which ROBINS & MORTON was constructing at the Mayo Clinic in Jacksonville, Florida. Accordingly, WALKER was an employee as defined by the Civil Rights Act of 1964. WALKER was subsequently promoted by ROBINS & MORTON to the position of an assistant carpenter (carpenter helper I).

4. The Plaintiff, RECHARD FURLOW-PATERSON (hereinafter referred to as "PATERSON"), is an African American (black) male and a resident of Duval County, Florida. He was hired by ROBINS & MORTON on July 11, 2017, to work as a laborer at the various buildings which ROBINS & MORTON was constructing at the Mayo Clinic in Jacksonville, Florida. Accordingly, PATERSON was an employee as defined by the Civil Rights Act of 1964. PATERSON was subsequently promoted by ROBINS & MORTON to the position of an assistant carpenter (carpenter helper I).

5. The Plaintiff, DESHAWN BAKER, (hereinafter referred to as "BAKER"), is an African American (black) male and a resident of Duval County, Florida. He was hired by ROBINS & MORTON on December 28, 2017, to work as a laborer at the various buildings which ROBINS & MORTON was constructing at the Mayo Clinic in Jacksonville, Florida. Accordingly, BAKER was an employee as defined by the Civil Rights Act of 1964.

6. The Plaintiff, RONQUANTY OWENS, (hereinafter referred to as "OWENS"), is an African American (black) male and a resident of Duval County, Florida. He was hired by ROBINS & MORTON during July of 2017, to work as a laborer at the various buildings which ROBINS & MORTON was constructing at the Mayo Clinic in Jacksonville, Florida. His

primary duty was that of an elevator operator. Accordingly, OWENS was an employee as defined by the Civil Rights Act of 1964.

7. At all times material hereto, ROBINS & MORTON was a general contractor and it maintained an office for the transaction of its usual and customary business of constructing building at the Mayo Clinic in Jacksonville, Florida at 13933 Zumbro Drive, Jacksonville, Duval County, Florida 32224.

8. ROBINS & MORTON violated Title VII of the Civil Rights Act of 1964 by engaging in unlawful employment practices as defined by, 42 U.S.C. § 2000e-2, in that:

a. ROBINS & MORTON discriminated against WALKER, PATERSON, BAKER and OWENS with respect to their compensation because of their race and/or color by paying WALKER, PATERSON, BAKER and OWENS less to work as laborers than it paid its similarly qualified white employees who also worked as laborers at the various buildings which ROBINS & MORTON was constructing at the Mayo Clinic in Jacksonville, Florida.

b. ROBINS & MORTON discriminated against WALKER, PATERSON, BAKER and OWENS with respect to their terms, conditions, or privileges of employment because of their race and/or color in that ROBINS & MORTON excluded WALKER, PATERSON, BAKER and OWENS from company functions, including after-hours parties and company sponsored lunches during the work day, while inviting and encouraging its white employees to attend those functions.

c. ROBINS & MORTON discriminated against WALKER, PATERSON, BAKER and OWENS with respect to their terms, conditions, or privileges of employment because of their race and/or color in that ROBINS & MORTON forbade WALKER, PATERSON, BAKER and OWENS to exceed the 30 minutes allotted for their lunch break, while ROBINS & MORTON

permitting its white employees to take frequent lunch breaks in excess of 30 minutes. As a result, WALKER, PATERSON, BAKER and OWENS were limited to eating their lunches on the Mayo Clinic campus, while the white employees were able to leave that campus to consume their lunches at nearby restaurants or grocery stores.

d. ROBINS & MORTON was required to create "spec rooms" from time to time, to demonstrate the completed appearance of its planned construction projects to the Mayo Clinic. After the Mayo Clinic had approved those "spec rooms," ROBINS & MORTON would then distribute the furniture and furnishings from those "spec rooms" to its employees. ROBINS & MORTON limited, segregated, and classified WALKER, PATERSON, BAKER and OWENS in ways which would deprive or tend to deprive them of employment opportunities because of their race and/or color, in that ROBINS & MORTON only gave the "spec room" furniture and furnishings to its white employees and it failed to offer that furniture and furnishings to WALKER, PATERSON, BAKER and OWENS.

e. ROBINS & MORTON discharged WALKER, PATERSON and BAKER without good cause on August 15, 2018. ROBINS & MORTON discharged OWENS without good cause on August 16, 2018. A substantial factor in ROBINS & MORTON's discharge of WALKER, PATERSON, BAKER and OWENS was their race and/or color.

9. As a result of ROBINS & MORTON having engaged in the foregoing unlawful employment practices, WALKER, PATERSON, BAKER and OWENS are each entitled to recover back pay with interest pursuant to 42 U.S.C. § 2000e-5(g). WALKER, PATERSON, BAKER and OWENS are each also entitled to recover compensatory damages for their future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life pursuant to 42 U.S.C. § 1981(b).

10. ROBINS & MORTON's violations of the Civil Rights Act of 1964 also constitute intentional discriminatory employment practices, and accordingly, WALKER, PATERSON, BAKER and OWENS are each entitled to injunctive relief, including the reinstatement of their former employment with ROBINS & MORTON.

11. WALKER, PATERSON, BAKER and OWENS have retained the services of the undersigned attorney and they have agreed to pay a reasonable fee for the undersigned's legal services. WALKER, PATERSON, BAKER and OWENS's attorney's fees and the costs they incur in bringing this action should be taxed against ROBINS & MORTON, pursuant to Section 2000e-5(k) of the Civil Rights Act of 1964.

12. All conditions precedent to the filing of this action have occurred, have been excused or have been waived.

WHERFORE the Plaintiffs, TAVAREZ WALKER, RECHARD FURLOW-PATERSON, DESHAWN BAKER and RONQUANTY OWENS , demand judgment for damages against the Defendant, ROBINS & MORTON, LLC, as well as the issuance of an order directing ROBINS & MORTON, LLC to reinstate TAVAREZ WALKER, RECHARD FURLOW-PATERSON, DESHAWN BAKER and RONQUANTY OWENS to their former employment, together with an award of attorney's fees and costs.

**DEMAND FOR TRIAL BY JURY**

The Plaintiffs, TAVAREZ WALKER, RECHARD FURLOW-PATERSON, DESHAWN BAKER and RONQUANTY OWENS, demand trial by a jury upon all issues so triable in this action.

_____
DANIEL J. GLARY, ESQ.
Florida Bar No.: 764965
Daniel J. Glary, P.A.
2468 Atlantic Boulevard
Jacksonville, FL 32207
(904) 348-7381 (telephone)
(904) 348-0921 (facsimile)
d-glary@comcast.net
Attorney for Plaintiffs/Trial Counsel