**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TAVARES WALKER, RECHARD
FURLOW-PATTERSON, DESHAWN
BAKER, RONQUANTAY OWENS,

        Plaintiffs,

v.                                          Case No. 3:19-cv-850-J-34PDB

THE ROBINS & MORTON GROUP,

        Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiffs Tavares Walker, Rechard Furlow-Patterson, Deshawn Baker, and Ronquantay Owens initiated this action on July 19, 2019, by filing their Complaint and Demand for Jury Trial (Doc. 1; Complaint). Plaintiffs filed an Amended Complaint and Demand for Jury Trial (Doc. 17; Amended Complaint) on December 17, 2019. In the Amended Complaint, each Plaintiff asserts claims for employment discrimination against Defendant The Robins & Morton Group pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. See generally Amended Complaint. Upon review, the Court finds it appropriate to sever Plaintiffs' claims into separate actions pursuant to Rule 21, Federal Rules of Civil Procedure (Rule(s)).[1]

Rule 21 permits the Court to "sever any claim against a party." Although Rule 21 generally relates to the misjoinder of parties, the severance provision "is not so limited."

---

[1] The Court notes that in the Amended Complaint Plaintiffs slightly altered the spelling of their names and named the defendant as The Robins & Morton Group, instead of Robins & Morton, LLC, as reflected in the case caption above. Compare Amended Complaint with Complaint. Because the Court will direct the Clerk of the Court to close this case and open four new cases with each individual Plaintiff, it is unnecessary to update the docket in this case. The Court will specify the style of the new cases below.

See Essex Ins. Co. v. Kart Constr., Inc., No. 8:14-cv-356-T-23TGW, 2015 WL 628782, at *5 (M.D. Fla. Feb. 12, 2015). Indeed, "'[a] district court has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness.'" Id. (quoting Potts v. B & R, LLC, No. 8:13-cv-2896-T-27TGW, 2014 WL 1612364, at *3 (M.D. Fla. Apr. 21, 2014)). Here, although Plaintiffs' claims generally involve the same alleged acts of discrimination by the same employer, it is nevertheless the undersigned's experience that employment discrimination cases such as these require fact-intensive and individualized inquiries into a plaintiff's work-history and specific circumstances. Thus, allowing these individual Plaintiffs to proceed together would likely result in separate motions for summary judgment that, apart from involving the same general alleged unlawful conduct (discrimination in violation of Title VII) and some common witnesses, actually involve distinctly different legal and factual issues. The jury could face the same problem if all four Plaintiffs went to trial together. As such, the Court is of the view that allowing these claims to proceed together would be inefficient and contrary to the interests of judicial economy.

In light of the foregoing, the Court will exercise its discretion to sever the claims in this action. However, given the similarity of the alleged discrimination, the Court does find it appropriate to consolidate these cases for purposes of discovery.[2] Accordingly, it is

**ORDERED:**

---

[2] The parties have a mediation deadline of April 24, 2020. The Court leaves to the parties' discretion whether to proceed jointly with mediation or to conduct separate mediations by the mediation deadline.

1. Pursuant to Rule 21, the claims of the individual Plaintiffs in this action are **SEVERED**.

2. **Without charging a filing fee**, the Clerk is **directed** to open four new civil cases bearing the style of [INDIVIDUAL PLAINTIFF'S NAME] vs. The Robins & Morton Group, a foreign partnership. The individual Plaintiff in each action shall be as follows: a) Tavares Walker; b) Rechard Furlow-Patterson; c) Deshawn Baker; and d) Ronquantay Owens.

3. The Clerk is **further directed** to file a copy of all the docket entries from the instant case into the new cases, including a copy of this Order, and **direct assign** the new cases to the undersigned and the Honorable Patricia D. Barksdale, United States Magistrate Judge. Thereafter, the Clerk is directed to **close** this case.

4. The Clerk is **directed** to **consolidate** the four new cases for purposes of discovery only, utilizing the Walker case as the lead case. As such, the parties shall file any discovery-related motions in the Walker case only.

5. The deadlines and event dates established in the Court's Case Management and Scheduling Order (Doc. 7) will govern the ongoing proceedings in all four cases.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of February, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties